# U.S. Bankruptcy Court
## Western District of Washington (Seattle)
### Adversary Proceeding #: 22−01000−TWD

*Assigned to:* Timothy W. Dore  
*Lead BK Case:* 20−12450  
*Lead BK Title:* Beverly Jane Cary  
*Lead BK Chapter:* 13  
*Demand:*  
   *Nature[s] of Suit:*   21   Validity, priority or extent of lien or other interest in property  
                                  02   Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

*Date Filed:* 01/18/22

**Plaintiff**  
−−−−−−−−−−−−−−−−−−−−−−−−  
**Beverly Jane Cary**  
27834 31st Pl. S.  
Auburn, WA 98001  
SSN / ITIN: xxx−xx−1479  

represented by **Christina L Henry**  
Henry & DeGraaff, P.S.  
119 First Avenue South, Suite 500  
Seattle, WA 98104−2205  
206−330−0595  
Fax : 206−400−7609  
Email: chenry@hdm−legal.com  
*LEAD ATTORNEY*

**Melissa A Huelsman**  
Law Offices of Melissa A. Huelsman  
705 Second Avenue  
Suite 606  
Seattle, WA 98104  
206−447−0103  
Fax : 206−673−8220  
Email: huelsmanlaw@comcast.net  
*LEAD ATTORNEY*

**Mark C McClure**  
Law Office of Mark McClure PS  
1103 W Meeker St Ste 101  
Kent, WA 98032  
253−631−6484  
Email: mark@mcclurelawgroup.com

V.

**Defendant**  
−−−−−−−−−−−−−−−−−−−−−−−−  
**Patch Services LLC**  
*dba* **NOAH**  

represented by **Faye Rasch**  
Law Office of Faye C. Rasch  
600 Stewart St  
Ste 1300  
Seattle, WA 98101  
646−279−9627  
Email: fraschlaw@gmail.com

**Defendant**  
−−−−−−−−−−−−−−−−−−−−−−−−

1

| | |
|---|---|
| **Patch Homes Inc** | represented by **Patch Homes Inc** <br> PRO SE |

*Defendant*
-----------------------

| | |
|---|---|
| **First American Title Insurance Company Lenders Advantage** | represented by **Robert A. Bailey** <br> Lagerlof, LLP <br> 301 N. Lake Avenue <br> Suite 1100 <br> Pasadena, CA 91101 <br> 626–535–1900 <br> Email: rbailey@lagerlof.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 01/18/2022 | 1 | Adversary case 22–01000. Adversary case 22–01000. Complaint by Beverly Jane Cary (attorneys Christina L Henry, Melissa A Huelsman, Mark C McClure) against Patch Services LLC dba NOAH, Patch Homes Inc. . Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)), (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (McClure, Mark) Modified on 1/19/2022 – corrected participants and text to reflect complaint pdf.(PBR). (Entered: 01/18/2022 at 23:46:58) |
| 01/19/2022 | 2 | Amendment to *1st Amended Complaint*. Filed by Mark C McClure on behalf of Beverly Jane Cary. (McClure, Mark) (Entered: 01/19/2022 at 07:17:52) |
| 01/19/2022 | | **Receipt of Adversary Filing Fee – $0.00 by JG. Receipt Number 236591. No Fee Due** (admin) (Entered: 01/20/2022 at 07:21:25) |
| 01/20/2022 | 3 | Summons issued (Summons issued via the Court's electronic filing system (ECF)) to Plaintiff's Attorney for Service on Patch Homes Inc. Answer Due 2/22/2022; Patch Services LLC. Answer Due 2/22/2022 . (RAO) (Entered: 01/20/2022 at 09:38:59) |
| 03/04/2022 | 4 | Amend Complaint. Defendants First American Title Insurance Company Lenders Advantage added to the case. Amending: *Adding additional claims and Text.*. (Related document(s)1 Complaint)... Filed by Christina L Henry of Henry & DeGraaff, P.S. on behalf of Beverly Jane Cary. (Henry, Christina) (Entered: 03/04/2022 at 16:47:20) |
| 03/04/2022 | 5 | Letter To and Subject: *Issuance and Reissuance of Summons* (Related document(s)1 Complaint). Filed by Christina L Henry on behalf of Beverly Jane Cary. (Henry, Christina) (Entered: 03/04/2022 at 17:00:34) |
| 03/07/2022 | 6 | REISSUED Summons (Reissued Summons issued electronically via the Court's ECF System to Plaintiff's Attorney) for Service on Patch Homes Inc. Answer Due 4/6/2022; Patch Services LLC d/b/a NOAH Answer Due 4/6/2022; First American Title Company Lenders Advantage Answer Due 4/6/2022 . (RAO) (Entered: 03/07/2022 at 10:10:29) |
| 03/09/2022 | 7 | Plaintiff's Proof of Service . Filed by Mark C McClure on behalf of Beverly Jane Cary. (Related document(s)4 Amend Complaint, 6 Summons Reissued). (McClure, Mark) (Entered: 03/09/2022 at 11:44:48) |

| | | | |
|---|---|---|---|
| 04/15/2022 | | 8 | Motion to Withdraw the Reference Filed by Robert A. Bailey on behalf of First American Title Insurance Company Lenders Advantage (Bailey, Robert) (Entered: 04/15/2022 at 15:42:16) |
| 04/15/2022 | | 9 | Stipulation by and between *all parties re Motion for Withdrawal of Reference*. Filed by Robert A. Bailey on behalf of First American Title Insurance Company Lenders Advantage. (Related document(s)8 Motion to Withdraw the Reference). (Bailey, Robert) (Entered: 04/15/2022 at 15:55:48) |
| 04/15/2022 | | | **Receipt of filing fee for Motion to Withdraw the Reference( 22–01000–TWD) [motion,205] ( 188.00). Receipt number A27450504. Fee amount $ 188.00.** (U.S. Treasury) (Entered: 04/15/2022 at 15:57:44) |
| 04/19/2022 | | 10 | Letter To and Subject: *Parties' Notice of Intent to Not Respond* (Related document(s)8 Motion to Withdraw the Reference). Filed by Robert A. Bailey on behalf of First American Title Insurance Company Lenders Advantage. (Bailey, Robert) (Entered: 04/19/2022 at 15:20:50) |
| 04/21/2022 | | 11 | ORDER Directing Clerk to Transmit the Motion for Withdrawal of the Reference to the District Court (Related document(s)8 Motion to Withdraw the Reference, 9 Stipulation, 10 Letter from Attorney re Adversary Case). (CLC) (Entered: 04/21/2022 at 14:16:59) |

Judge: Hon. Thomas W. Dore
Chapter 13

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| In Re: | Dist. Court Case No. _____ |
| BEVERLY JANE CARY | Case No. 20-12450 TWD |
| Debtor | Adversary Case No. 22-01000-TWD |
| BEVERLY JANE CARY, | **STIPULATED MOTION FOR WITHDRAWAL OF REFERENCE [LBR 5011-1]** |
| Plaintiff, | |
| v. | |
| PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Although filed as an Adversary Action, the Parties have stipulated that withdrawal of the reference is necessary and appropriate and the matter should be transferred to the District Court for resolution. See Accompanying Stipulation In Support of Motion.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -1

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Plaintiff brings this adversary action seeking damages relating to the of a loan she obtained in 2019. She initiated her bankruptcy petition in 2020 yet initiated the adversary action with an initial complaint filed January 17, 2022. Dkt. #1. Two days later, she filed a First Amended Complaint. Dkt. #2. Plaintiff then filed a Second Amended Complaint on March 4, 2022, adding defendant First American Title Insurance Company[1] ("First American") as a defendant. Dkt. #4.

Plaintiff herself demands a jury trial and indicates she does not consent to have the bankruptcy court decide the matter. SAC ¶ 1.5 (Dkt. #4).

Plaintiff challenges the validity and nature of the lien on her property and brings a number of Federal and Washington State law specific claims against Patch Services, LLC d/b/a NOAH, Patch Homes, Inc. ("Patch") and First American Title Insurance Company ("First American"). First American provided escrow and closing services for the transaction between Cary and Patch. Plaintiff claims First American and Patch both violated the Federal Truth in Lending Act ("TILA") in a variety of ways. Both Defendants are also entities organized outside of Washington and Plaintiff questions their ability to conduct interstate commerce by participating in the loan transaction at issue.

Resolution of the allegations in Plaintiff's Second Amended Complaint requires application and analysis of state law rights and remedies and non-bankruptcy federal laws involving organizations and activities affecting interstate commerce. Under these circumstances, withdrawal of the reference is therefore mandatory.

2. **STATEMENT OF THE SECOND AMENDED COMPLAINT AND JUDICIALLY NOTICEABLE FACTS**

---

[1] First American is improperly named in this action. First American's proper name is: "First American Title Insurance Company, a Nebraska Corporation re-domesticated from California to Nebraska on July 1, 2014." Lender's Advantage was merely a division of First American and not a separate entity. Lender's Advantage no longer exists.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -2

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD   Doc 8   Filed 04/15/22   Ent. 04/15/22 15:42:16   Pg. 2 of 7

5

Plaintiff granted to PATCH SERVICES LLC, a security interest in her property commonly known as: 2784 31st Place S., Auburn, WA 98001. SAC pp. 12-13 ¶¶ 2.23-2.26. First American provided escrow services for this transaction. SAC p. 3, ¶ 1.3.

Plaintiff obtained the loan after receiving a mailing from defendant Patch. SAC p. 6 ¶2.9, lns. 23-24. Plaintiff called Patch directly to obtain the loan. SAC p. 7 ¶2.10, lns. 8-11. Plaintiff decided to move forward with obtaining the loan through Patch, and First American acted as Escrowee in closing the transaction. SAC p. 7 ¶2.11, ln. 18.

Plaintiff's Second Amended Complaint now challenges terms of the loan she obtained from Patch, the underlying circumstances surrounding her obtaining that loan, and further alleging wrongdoing by Patch and First American in their roles in her obtaining that loan. These claims should be heard by the district court, and the reference to the bankruptcy court should be withdrawn.

### 3. THE BANKRUPTCY COURT'S JURISDICTION IS LIMITED AND WITHDRAWAL OF THE REFERENCE IS REQUIRED

The jurisdiction of this Court with respect to bankruptcy matters is set forth in 28 U.S.C. § 1334, which grants district courts original and exclusive jurisdiction over cases arising under title 11 and original but not exclusive jurisdiction over cases arising in or related to cases under title 11. Jurisdiction of the Bankruptcy Court, however, is more circumscribed. Specifically, while 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters to the bankruptcy courts – which this court has done pursuant to General Order filed November 26, 1984[2]; however, 28 U.S.C. § 157(b) and (c) specifically limit the cases that a bankruptcy court may hear.

---

[2] https://www.wawd.uscourts.gov/sites/wawd/files/11-26-84GOinrereferringbankruptcycasesandproceedingstobankruptcyjudges.pdf

100047/002553/02628784-4

MOTION FOR WITHDRAWAL
OF REFERENCE -3

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

In general terms, Section 157(b) sets forth a list of "core" matters that a bankruptcy court "may hear and determine," i.e., enter final orders on, while Section 157(c) provides that a bankruptcy court may only enter final orders in noncore matters (that are otherwise related to a case under title 11 with the consent of all parties to the proceeding; otherwise the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court, where they are subject to de novo review.

Moreover, while referral to a bankruptcy court is automatic, it is neither mandatory nor permanent, and in some cases a District Court is permitted or even required to withdraw that reference. In particular, 28 U.S.C § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court **shall**, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added.)

This section thus provides for both discretionary and mandatory withdrawal of the reference of cases to bankruptcy court. Withdrawal is mandatory whenever resolution of the case requires consideration of both bankruptcy and other federal laws which regulate origination or activities affecting interstate commerce.

A. <u>This Case Requires Consideration of Non-Bankruptcy Federal Law Affecting Interstate Commerce Making Withdrawal of the Reference Mandatory</u>

Resolution of the issues raised in the adversary Second Amended Complaint will require consideration of at least one main body of non-bankruptcy federal law: specifically, TILA and its implementing regulations. The Second Amended Complaint specifically claims Defendants violated 15 U.S.C. § 1605, 15 U.S.C. § 1639c; Plaintiff also claims violations of "12 C.F.R. §§ 1026.19, 1026.23 and 1026.37. SAC ¶¶ 3.31-3.34. There are

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -4

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD   Doc 8   Filed 04/15/22   Ent. 04/15/22 15:42:16   Pg. 4 of 7

7

no such sections within Title 12 of the CFR, and Plaintiff is likely referring to Title 15. In order to resolve these claims, the Court will have to consider these non-bankruptcy federal statutes and regulations.

It is also indisputable that TILA and its implementing regulations are "laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); see also 15 U.S.C. § 1601(a); 15 U.S.C. §1633; and *Mourning v. Fam. Publications Serv., Inc.*, 411 U.S. 356, 377, 93 S. Ct. 1652, 1665, 36 L. Ed. 2d 318 (1973) (TILA falls within Congress's power to regulate under the Commerce Clause.)

The Parties have all stipulated to these elements. Stipulation ¶¶ 1-2. They agree that the resolution of the case will require consideration of non-bankruptcy federal law regulating organizations or activities affecting interstate commerce. Accordingly, 28 U.S.C. §157(d) requires that the Court withdraw the reference to the Bankruptcy Court.

B. <u>Plaintiff's Demand for a Jury Trial Further Justifies Withdraw of the Reference</u>

Alternatively, the Court can and should exercise its discretion to withdraw the reference. The Court should withdraw reference of a noncore adversary proceeding when a party has invoked their right to a jury trial and judicial economy will be served by such withdraw. See 28 U.S.C. § 157(d); *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

The Parties have stipulated that the claims are primarily non-core. See Stipulation ¶ 1. The SAC itself says "this matter is a non-core claim non-core" and that the majority of claims do not require adjudication in the bankruptcy context. SAC ¶ 1.4. Indeed, with respect to the claims against First American, none of them have anything to do with the bankruptcy and do not require resolution within the bankruptcy context. The entirety of Plaintiff's claims involve the application of non-bankruptcy law and thus, even those challenging the enforceability of the lien, will require resolution outside the bankruptcy context.

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -5

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD   Doc 8   Filed 04/15/22   Ent. 04/15/22 15:42:16   Pg. 5 of 7

8

Plaintiff also invokes her right to a jury trial and does not consent to the matter being heard by the bankruptcy court. SAC ¶ 1.5. Thus, because a jury trial would be necessary and because non-core issues predominate, judicial economy is best served by withdraw of the reference now while the case is in its infancy. The Parties have stipulated to these facts as well. See Stipulation ¶¶ 3-5.

### 4. CONCLUSION

Because the Parties have stipulated that all conditions necessary for mandatory or discretional withdrawal of the reference have been met, no opposition to this motion will be filed. Defendant requests the bankruptcy court recommend withdrawal of the reference and promptly transfer the motion to the District Court for resolution.

Dated: April 15, 2022

**LAGERLOF LLP**

/s/ *Robert A. Bailey*
Robert A. Bailey, WSBA No. 28472
701 Pike Street, Suite 1560
Seattle, WA 98101
Phone: (206) 492-2300
Email: rbailey@lagerlof.com
*Attorneys for First American Title Insurance Company Lenders Advantage*

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -6

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD   Doc 8   Filed 04/15/22   Ent. 04/15/22 15:42:16   Pg. 6 of 7

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 15th day of April 2022, I caused to be delivered a copy of the foregoing to the following in the manner indicated:

| | |
|---|---|
| Melissa A. Huelsman, WSBA No. 30935<br>Law Offices of Melissa A. Huelsman, P.S.<br>705 2nd Ave, Suite 606<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mhuelsman@predatorylendinglaw.com<br>[X] By CM/ECF E-Service |
| Mark McClure, WSBA No. 24393<br>Law Offices of Mark McClure, PS<br>1103 W. Meeker St., Suite 101<br>Kent, WA 98032<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mark@mcclurelawgroup.com<br>[X] By CM/ECF E-Service |
| Christina L. Henry, WSBA No. 31273<br>Henry & Degraaff, PS<br>113 Chery Street, PMB 58364<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email: chenry@hdm-legal.com<br>[X] By CM/ECF E-Service |

Signed this 15th day of April 2022 at Seattle, Washington.

*s/ Karrie Blevins*
Karrie Blevins, Paralegal
Lagerlof LLP

100047/002553/02628784-4
MOTION FOR WITHDRAWAL
OF REFERENCE -7

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

Judge: Hon. Thomas W. Dore
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>BEVERLY JANE CARY<br><br>Debtor<br>_____<br>BEVERLY JANE CARY,<br><br>Plaintiff,<br>v.<br><br>PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE,<br><br>Defendants. | Dist. Court Case No. _____<br><br>Case No. 20-12450 TWD<br><br>Adversary Case No. 22-01000-TWD<br><br>**STIPULATION OF THE PARTIES IN SUPPORT OF DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE**<br>**[LBR 5011-1]** |

The Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Plaintiff's Second Amended Complaint primarily involves noncore claims.

2. That resolution of Plaintiff's claims will require consideration of non-bankruptcy federal law which regulate organizations and activities affecting interstate commerce – namely the Truth in Lending Act ("TILA"), 15 U.S.C.

100047/002553/02629290-2
STIPULATION IN SUPPORT OF
DEFENDANTS' MOTION TO
WITHDRAW THE REFERENCE -1

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 9    Filed 04/15/22    Ent. 04/15/22 15:55:48    Pg. 1 of 3

11

§1601 *et seq.*

3. Plaintiff has demanded a jury trial and does not consent to such a trial being conducted by the bankruptcy court.

4. The case is in its infancy and no party will be prejudiced if the District Court withdraws the reference of this matter to the Bankruptcy Court.

5. Judicial economy and efficiency will be served if the reference is withdrawn and this matter transferred to District Court.

Wherefore, the Parties agree the reference to the Bankruptcy Court should be withdrawn and the matter transferred to the United States District Court for the Western District of Washington forthwith for further proceedings.

Wherefore, the Parties further agree that Defendants' deadline to respond to Plaintiff's adversary complaint is extended by two weeks.

IT IS SO STIPULATED:

DATED: April 15, 2022

**LAGERLOF LLP**

/s/ Robert A. Bailey
Robert A. Bailey, WSBA No. 28472
701 Pike Street, Ste 1560
Seattle, WA 98101
Phone: 206-492-2300
Email: rbailey@lagerlof.com
*Attorneys for First American Title Insurance Company*

**LAW OFFICE OF FAYE RASCH**

/s/ Faye Rasch [via written permission]
Faye Rasch,
600 Stewart Street, Suite 1300
Seattle, WA 98101

100047/002553/02629290-2
STIPULATION IN SUPPORT OF
DEFENDANTS' MOTION TO
WITHDRAW THE REFERENCE -2

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 9    Filed 04/15/22    Ent. 04/15/22 15:55:48    Pg. 2 of 3

12

|   |   |
|---|---|
| 1 | Phone: (646) 279-9627 |
|   | Email: fayer@rasch.law |
| 2 | *Attorneys for Patch Services, LLC* |

**LAW OFFICES OF MELISSA A. HUELSMAN, P.S.**

*/s/ Melissa A. Huelsman* [via written permission]
Melissa A. Huelsman, WSBA No. 30935
705 2nd Ave, Ste 606
Seattle, WA 98104
Phone: 206-475-4504
Email: mhuelsman@predatorylendinglaw.com
*Attorney for Plaintiff*

**HENRY & DEGRAAF, PS**

*/s/ Christina L. Henry* [via written permission]
Christina L. Henry, WSBA No. 31273
119 1st Ave, Ste 500
Seattle, WA 98104
Email: chenry@hdm-legal.com
*Attorneys for Plaintiff*

**LAW OFFICE OF MARK McCLURE, PS**

*/s/ Mark McClure* [via written permission]
Mark McClure, WSBA No. 24939
1103 W Meeker St., Suite 101
Seattle, WA 98032
Email: mark@mcclurelawgroup.com
*Attorney for Plaintiff*

100047/002553/02629290-2
STIPULATION IN SUPPORT OF
DEFENDANTS' MOTION TO
WITHDRAW THE REFERENCE -3

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Case 22-01000-TWD    Doc 9    Filed 04/15/22    Ent. 04/15/22 15:55:48    Pg. 3 of 3

13

|   |   |
|---|---|
|   | Judge: Hon. Thomas W. Dore<br>Chapter 13 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>BEVERLY JANE CARY<br><br>　　　　　Debtor<br><br>BEVERLY JANE CARY,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>PATCH SERVICES, LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE,<br><br>　　　　　Defendants. | Dist. Court Case No. _____<br><br>Case No. 20-12450 TWD<br><br>Adversary Case No. 22-01000-TWD<br><br>**NOTICE OF INTENT NOT TO FILE RESPONSE TO DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE**<br>**[LBR 5011-1]** |

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT the undersigned parties do not intend to file a response to Defendants' Motion for Withdrawal of Reference and ask that the Court transmit the Motion to the District Court without waiting for the expiration of the 28-day period provided by LBR 5011-1.

DATED: April 19, 2022

100047/002553/02632063-1
NOTICE OF INTENT NOT TO FILE
RESPONSE TO DEFENDANTS' MOTION
TO WITHDRAW THE REFERENCE -1

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

1  **LAW OFFICE OF FAYE RASCH**

2  /s/ Faye Rasch
Faye Rasch,
3  600 Stewart Street, Suite 1300
Seattle, WA 98101
4  Phone: (646) 279-9627
Email: fayer@rasch.law
5  *Attorneys for Patch Services, LLC*

6

7  **LAW OFFICE OF MELISSA A HUELSMAN P.S.**

8  /s/ Melissa A Huelsman
Melissa A. Huelsman, WSBA No. 30935
9  705 Second Ave, Ste 606
Seattle, WA 98104
10 Phone: 206-475-4541
Email: mhuelsman@predatorylendinglaw.com
11 *Attorney for Plaintiff*

12

13 **HENRY & DEGRAAFF, P.S.**

14 /s/ Christina L. Henry
Christina L. Henry, WSBA No. 31273
15 1105 1st Ave, Ste 500
Seattle, WA 98104
16 Email: chenry@hdm-legal.com
*Attorneys for Plaintiff*
17

18 **LAW OFFICE OF MARK McCLURE, P.S.**

19 /s/ Mark McClure
Mark McClure, WSBA No. 24989
20 1103 W Meeker St, Suite 101
Seattle, WA 98052
21 Email: mark@mcclurelawgroup.com
*Attorney for Plaintiff*
22

23

24

25

100047/002553/02632063-1
NOTICE OF INTENT NOT TO FILE
RESPONSE TO DEFENDANTS' MOTION
TO WITHDRAW THE REFERENCE -2

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101

Entered on Docket April 21, 2022

**Below is the Order of the Court.**



_____
**Timothy W. Dore
U.S. Bankruptcy Court**
(Dated as of Entered on Docket date above)

_____

TIMOTHY W. DORE
United States Bankruptcy Judge
700 Stewart Street, Room 8106
Seattle, WA 98101
(206) 370-5300

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>BEVERLY JANE CARY,<br>                      Debtor. | Bankruptcy No. 20-12450-TWD |
| BEVERLY JANE CARY,<br><br>                      Plaintiff,<br><br>    v.<br><br>PATCH SERVICES, LLC, d/b/a NOAH, PATCH HOMES, INC., and FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE,<br><br>                      Defendants. | Adversary No. 22-01000-TWD<br><br>**ORDER DIRECTING CLERK TO TRANSMIT THE MOTION FOR WITHDRAWAL OF THE REFERENCE TO THE DISTRICT COURT** |

THIS MATTER came before the Court on the Stipulated Motion for Withdrawal of Reference filed by First American Title Insurance Company Lenders Advantage [Docket No. 8] ("Motion to Withdraw the Reference"), the related stipulation [Docket No. 9], and the notice of intent not to respond [Docket No. 10]. Given the parties' indication that they do not intend to file a response to the Motion to Withdraw the Reference, the Court finds cause under Local Bankruptcy Rule 5011-1(c) to direct the

ORDER DIRECTING CLERK TO TRANSMIT THE MOTION FOR
WITHDRAWAL OF THE REFERENCE TO THE DISTRICT COURT - 1

Clerk of the Bankruptcy Court to transmit the Motion to Withdraw the Reference to the District Court without delay.

Now, therefore, it is hereby ORDERED that the Clerk of the Bankruptcy Court may immediately transmit the Motion to Withdraw the Reference and related documents to the District Court.

/ / / End of Order / / /