UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY JANE CARY, | Bankr. Case No. 20-12450-TWD |
| Plaintiff, | Adv. No. 22-01000-TWD |
| v. | Civil Case No. 2:22-cv-00538-LK |
| PATCH SERVICES LLC d/b/a NOAH; PATCH HOMES, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY LENDERS ADVANTAGE, | ORDER WITHDRAWING THE REFERENCE |
| Defendants. | |

This matter comes before the Court on Defendant First American Title Insurance Company Lenders Advantage's stipulated motion for withdrawal of the reference regarding the claims asserted in Adversary Case No. 22-01000-TWD (the "Adversary Case"), Dkt. No. 1, pursuant to Local Bankruptcy Rule 5011-1 and 28 U.S.C. § 157(d). The parties have filed a stipulation supporting the motion. Dkt. No. 1-1 at 11–12.

The Court finds that withdrawal of the reference is required under 28 U.S.C. § 157(d) because resolution of the Adversary Case will require consideration of "laws of the United States

ORDER WITHDRAWING THE REFERENCE - 1

regulating organizations or activities affecting interstate commerce" other than Title 11, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq. See* Adversary Case, Dkt. No. 4 at 1, 24–27. Although plaintiff Beverly Jane Cary challenges the validity of a lien on her property, Adversary Case, Dkt. No. 4 at 16, which is a core proceeding that a bankruptcy judge "may hear and determine," 28 U.S.C. § 157(b)(1), (b)(2)(K), the claims in the second amended complaint are primarily non-core. *See* Dkt. No. 1-1 at 11 (parties' stipulation that the claims are primarily non-core); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) ("Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'").[1]

For the foregoing reasons, the motion for withdrawal of reference is GRANTED. The reference is hereby WITHDRAWN as to Adversary Case No. 22-01000-TWD.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of May, 2022.

Lauren King
United States District Judge

---

[1] Because withdrawal of the reference is mandatory under 28 U.S.C. § 157(d), the Court does not reach the question whether it is required to withdraw the reference due to Cary's invocation of the right to a jury trial. Adversary Case, Dkt. No. 4 at 4; Dkt. No. 1-1 at 12. For the same reason, the Court need not determine whether there is cause for permissive withdrawal. *See Sec. Farms*, 124 F.3d at 1008.