U.S. District Court Judge Hon. Lauren King

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY JANE CARY,<br><br>            Plaintiff,<br><br>    v.<br><br>PATCH SERVICES, LLC d/b/a NOAH;<br>PATCH HOMES, INC.; FIRST<br>AMERICAN TITLE INSURANCE<br>COMPANY LENDERS ADVANTAGE,<br><br>            Defendants. | CASE NO. 2:22-cv-00538-LK<br><br>DEFENDANT FIRST AMERICAN TITLE<br>INSURANCE COMPANY'S MOTION TO<br>DISMISS PURSUANT<br>TO FRCP 12(b)(6)<br><br>NOTE ON MOTION CALENDAR:<br>JUNE 17, 2022 |

Defendant First American Title Insurance Company (erroneously sued as First American Title Insurance Company Lenders Advantage) ("FATIC") hereby submits the following Motion to Dismiss pursuant to FRCP 12.

## I.      INTRODUCTION AND RELIEF REQUESTED

Plaintiff Beverly Jane Cary has filed the Second Amended Complaint asserting claims against FATIC for violations of the Escrow Registration Agent Act (the "ERA Act"), RCW 18.44 *et seq.*, Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, and the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*  All

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -1

Case No. 2:22-CV-00538-LK

1   Plaintiff's claims against FATIC fail as a matter of law.

2       Plaintiff's claim under the ERA Act fails for the simple reason that private

3   individuals do not have standing to bring actions to enforce it.  Nor does the Legislature

4   declare violations of the ERA Act to be per se violations of the CPA.  Without standing to

5   enforce the statute, Plaintiff's claim must be dismissed.  Moreover, Plaintiff claims FATIC

6   engaged in fraudulent and deceptive practices in violation of the ERA Act; yet, she

7   provides no specific allegations as to what fraudulent statements were made, who made

8   them, when or how.

9       Plaintiff's CPA claim similarly fails because it is based entirely on FATIC's

10  alleged violation of TILA by including an arbitration provision in escrow documents.

11  FATIC is not a creditor and not subject to TILA, but even if it was, TILA does not prevent

12  arbitration provisions from being included in escrow documents.  Thus, Plaintiff has not

13  alleged an underlying violation to support a CPA claim.  She also cannot allege any injury

14  since no one has tried to enforce the allegedly improper arbitration provision.

15      Plaintiff's claims against FATIC are fatally flawed and should be dismissed with

16  prejudice.

17  **II.       PROCEDURAL HISTORY AND SUMMARY OF ALLEGATIONS**

18      Plaintiff filed her original adversary complaint ("Complaint") in the instant action

19  on January 18, 2022.  WD Wa. Bankruptcy Case 22-01000-TWD Docket Entry Number

20  ("Bk. Dkt. No.") 1. Plaintiff filed a First Amended Adversary Complaint ("FAC") in the

21  instant action on January 19, 2022. Bk. Dkt. No. 2. Without leave of the Court, Plaintiff

22  filed the Second Amended Adversary Complaint (the "SAC") on March 4, 2022. Bk. Dkt.

23  No. 4. The SAC adds FATIC as a party asserting claims against FATIC for violations of

24  the ERA Act, the CPA, and TILA. Bk. Dkt. No. 4, ¶¶ 3.23-3.28, 3.40-3.47. For the benefit

25

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -2

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1    of the Court, below is a summary of the facts and claims alleged by Plaintiff in the SAC:

2         Plaintiff claims that by 2018, she had accumulated substantial debt through

3    fraudulent charges on her credit card made by her daughter, Alycia. Bk. Dkt. No.  4, ¶¶

4    2.5-2.6. Alycia continued to accumulate debt on behalf of Plaintiff through various means.

5    Bk. Dkt. No. 4, ¶ 2.9. By 2019, Plaintiff became attracted to a mailed advertisement of

6    Defendants Patch Homes, Inc. dba Noah and/or Patch Services, LLC (collectively "Patch")

7    that she came across. *Id.*

8         Plaintiff got in contact with Patch and she claims that Patch offered her what she

9    believed was a loan. Bk. Dkt. No. 4, ¶ 2.4. Plaintiff claims that Patch did not provide the

10   proper disclosures required in a loan agreement. Bk. Dkt. No. 4, ¶¶ 2.10, 2.13. By issuing

11   this loan without proper disclosures, Plaintiff claims that Patch violated TILA and the

12   Washington Consumer Loan Act. Bk. Dkt. No. 4, ¶¶ 2.15-2.16. Plaintiff claims that Patch

13   failed to provide Plaintiff with a loan estimate containing a good faith estimate of credit

14   costs and transaction terms within three business days of receipt of the consumer's loan

15   application. Bk. Dkt. No. 4, ¶ 2.16. Furthermore, Plaintiff alleges that Patch inserted terms

16   in the loan agreement that required Plaintiff to provide Patch with a non-revocable Power

17   of Attorney. Bk. Dkt. No. 4, ¶ 2.19.  Plaintiff also asserts that the loan agreement with

18   Patch contained other "absurd terms" including the Real Estate Option Agreement. Bk.

19   Dkt. No. 4, ¶ 2.22.

20        Plaintiff claims that on July 3, 2019, she signed Patch's loan agreement two months

21   before Patch became registered to conduct any business in the State of Washington. Bk.

22   Dkt. No. 4, ¶ 2.20. Approximately $62,000 was paid out by Patch to Plaintiff and on

23   Plaintiff's behalf to satisfy her debts. Bk. Dkt. No. 4, ¶ 2.21.

24        Plaintiff alleges that Patch further violated TILA and state law by having the

25   

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -3

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

transaction handled by an escrow agent, FATIC. Bk. Dkt. No. 4, ¶ 2.28. She claims that FATIC violated TILA by including a mandatory arbitration agreement in the escrow paperwork. Bk. Dkt. No. 4, ¶ 2.29. Plaintiff further claims that FATIC acted in collusion with Patch to issue the unlawful loan by providing escrow services in Washington without a license to do so. Bk. Dkt. No. 4, ¶ 2.33.

Plaintiff asserts causes of action against FATIC in her Sixth and Ninth Causes of Action. Bk. Dkt. No. 4, ¶¶ 3.23-3.28, 3.40-3.47. In her sixth cause of action, Plaintiff alleges several acts and omissions on part of FATIC that constitutes a violation of the ERA Act. Bk. Dkt. No. 4, ¶ 3.28. Plaintiff does not claim she has been damaged by FATIC's alleged violation of the ERA Act. Bk. Dkt. No. 4, ¶¶ 3.23-3.28. In her ninth cause of action, Plaintiff alleges that FATIC violated the CPA by virtue of violating TILA and the ERA Act. Bk. Dkt. No. 4, ¶ 3.41-3.42.

### III.    LEGAL ARGUMENT

**A.    Motion to Dismiss Standards**

FATIC seeks a dismissal with prejudice under FRCP 12(b)(6). Although the Court must consider all material allegations in the SAC as true and construe them in the light most favorable to the plaintiff, a complaint must contain more than "labels and conclusions, a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, (2007). Where, however, the plaintiffs fail to "nudge[] [their] claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986)(citing *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir. 1983).

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -4

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1    When a plaintiff brings claims based on fraud or mistake, the claims must be pled

2    with specificity.   FRCP 9(b).   A claim sounding in fraud which fails to satisfy the

3    particularity requirements of Rule 9 fails to state a claim and is subject to dismissal under

4    Rule 12(b)(6).  *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003).

5    Plaintiff asserts two causes of action against FATIC.   First, in the Sixth Cause of

6    Action, she claims FATIC violated the ERA Act by closing the loan originated by the

7    Patch Defendants.   Second, in the Ninth Cause of Action, she claims FATIC violated the

8    CPA by allowing an arbitration provision to be included in the escrow documents which

9    she contends is prohibited by TILA.  Both claims fail as a matter of law.

10   **B.      Plaintiff's Claims Under the ERA Act (Sixth Cause of Action)**

11   Plaintiff's Sixth Cause of Action is hardly a model of clarity.   She claims that

12   FATIC somehow violated TILA and the ERA Act when "it consummated an obviously

13   unlawful loan that included paperwork which expressly disavowed being a loan and which

14   obviously violated TILA in numerous ways, including the fact that none of the documents

15   required by TILA were included in the loan documents."   Dkt. 4 ¶ 3.28.   She says this

16   conduct was part of a scheme to deceive her and included the making of knowingly false

17   and deceptive statements.  *Id.*   For the reasons set forth below, the Sixth Cause of Action

18   should be dismissed with prejudice.

19        *1.      Plaintiff Lacks Standing to Enforce the ERA Act*

20   The Sixth Cause of Action is an attempt by a private individual to enforce a statute

21   enforceable only by the state.  There is no provision in the ERA Act that grants private

22   individuals standing to bring an action to enforce it.  See RCW 18.44 *et seq.* The ERA Act

23   creates a regulatory system for escrow agents to be registered with and monitored by the

24   state.  It does not impose any civil liability on an escrow agent for a violation of the Act.

25   100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -5

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

*Id.* Rather, the ERA Act gives enforcement powers solely to the Director of the Department of Financial Institutions for the State of Washington. RCW 18.44.400-490. Furthermore, there is no case law that Plaintiff may cite granting her standing to bring a suit under the ERA Act. Nor is there any case law that supports imposing civil liability upon FATIC for a violation of the ERA Act.

It is unclear whether Plaintiff's Sixth Cause of Action asserts that the alleged ERA Act violation is the basis for a CPA claim   She mentions the CPA in the heading of this claim, but does not mention it in the body.  See Bk. Dkt. No. 4, p. 22.  It appears Plaintiff may be attempting to circumvent her lack of standing under the ERA Act by invoking the CPA.  If so, that effort too fails.

Washington courts have held as follows regarding violations of statutes as it applies to the CPA:

> A practice is per se unfair when it violates a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce.

*Smale v. Cellco Partnership*, 547 F. Supp. 2d 1181, 1188 (W.D. Wash. 2008)(citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 787, 719 P.2d 531 (1986)). However, absent such a legislative declaration, purported violations of regulatory statutes (such as the ERA Act) cannot serve as the basis for a CPA claim unless the act has the capacity to deceive substantial portions of the public or is an unfair or deceptive act not regulated by statute but in violation of the public interest.  *Klem v. Washington Mut. Bank,* 176 Wn.2d 771, 787, 295 P.3d 1179 (2013).  The SAC alleges only a violation of statute, not a likelihood of deceiving a substantial portion of the population or a violation of the public interest.

In similar cases, the courts found a violation of the CPA by violation of state statute

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -6

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

only when those statutes explicitly stated that violations of the statute constituted an "unfair or deceptive practice" and/or referenced the CPA directly. *Gragg v. Orange Cab Co., Inc.*, 145 F. Supp. 3d 1046, 1053 (W.D. Wash. 2015)(violation of RCW 19.190.060(2) was found to be a violation of the CPA because the text of the statute states "The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW."); *In re Bryce*, 491 B.R. 157, 185 (Bankr. W.D. Wash. 2013)(plaintiff can bring a CPA claim for violations of RCW 19.52.036 and RCW 19.146.100 because those statutes contain language that violations are unfair and deceptive practices and violations of the CPA); *In re Breast Cancer Prevention Fund*, 574 B.R. 193, 223 (Bankr. W.D. Wash. 2017)(violation of RCW 19.09.340 is an unfair trade practice for purposes of a CPA claim because Legislature declared it to be per se unfair trade practices).

There is no such language in the ERA Act declaring it an unfair and/or deceptive practice in violation of the CPA. The ERA Act is a regulatory mechanism to be enforced by state agencies.  Accordingly, Plaintiff cannot assert a per se violation of the CPA by virtue of a violation of the ERA Act. Rather, Plaintiff must claim that FATIC engaged in unfair and/or deceptive practices occurring in trade or commerce independent of the ERA Act. Plaintiff has failed to do so here and therefore has failed to state a claim upon which relief may be granted and can prove not set of facts supporting the Sixth Cause of Action that would entitle her to relief.

## 2.     *The Claim Sounds in Fraud but Was Not Pled with the Required Particularity*

Because Plaintiff claims FATIC's violation of the ERA Act amounted to a "scheme, device, or artifice to defraud…" and involved "knowingly mak[ing],

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -7

Case No. 2:22-CV-00538-LK

**LAGERLOF LLP**
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1    publish[ing], or disseminat[ing] any false, deceptive, or misleading information . . ." the

2    claim is subject to the heightened pleading requirements for Rule 9.

3         The Ninth Circuit has held that Rule 9's specificity requirement applies to claims

4    brought under consumer protection statutes which assert the defendant engaged in

5    deceptive, false, or misleading acts.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

6    Cir. 2009).  Thus, even where fraud is not a necessary element of a claim, a plaintiff who

7    allege the defendant engaged in fraudulent conduct as the basis for a claim is subject to the

8    heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d

9    1097, 1103-1104 (9th Cir. 2003).  Plaintiff's Sixth Cause of Action is based on a purported

10   fraudulent course of conduct by FATIC and, therefore, had to be pled with particularity.

11        To satisfy the Rule 9's heightened pleading requirements of pleading fraud against

12   a corporate defendant like FATIC, Plaintiff was required to state who at FATIC made the

13   false or misleading statements, what they specifically said, and when.  See *Vess,* 317 F.3d

14   at 1103-04 (9th Cir. 2003) (generally [a]verments of fraud must be accompanied by 'the

15   who, what, when, where, and how' of the misconduct charged.").

16        The SAC includes no details as to FATIC's allegedly fraudulent statements or

17   conduct.  It does not identify who at FATIC participated in the escrow transaction.  It does

18   not include anything that person said or the contents of any documents that person

19   provided.   Without the required detail, the Sixth Cause of Action based on alleged

20   fraudulent, misleading, or deceptive acts or statements fails.

21

22        **3.    *Plaintiff Fails to State That FATIC's Alleged Violations of the ERA Act Amounted to a CPA Violation or Caused Her Any Injury***

23        To the extent Plaintiff is trying to invoke the CPA as a grounds of this claim, that

24   effort too must fail because she has not alleged any injury.

25   100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -8

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1    To assert a claim under the CPA, Plaintiff must assert 1) an unfair or deceptive act

2    or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to

3    a person's business or property, and 5) causation. *Panag v. Farmers Ins. Co. of*

4    *Washington*, 166 Wash. 2d 27, 37, 204 P.3d 885 (2009)(citing *Hangman Ride Stables, Inc.*

5    *v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784, 719 P.2d 531 (1986)). At no point in the

6    Sixth Cause of Action does Plaintiff claim that she or any party has been injured in their

7    business or property by FATIC's alleged violation of the ERA Act. See Bk. Dkt. No. 4, ¶¶

8    3.23-3.28. If the Sixth Cause of Action is indeed a CPA claim, Plaintiff has failed to allege

9    the necessary elements of such claim.

10   Moreover, Plaintiff has not alleged facts satisfying the CPA element that any violation

11   impacts the public interest.  To establish that a defendant's actions impact the public interest,

12   the plaintiff must establish that the actions: "(1) Violates [a statute within the CPA]; (2)

13   Violates a statute that contains a specific legislative declaration of public interest impact; or

14   (3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the

15   capacity to injure other persons." *Mills v. Bank of Am., N.A.,* 2014 U.S. Dist. LEXIS 117563,

16   *14 (W.D. Wash. Aug. 22, 2014) (citing RCW 19.86.093).  Here, the SAC only vaguely

17   discusses the circumstances regarding her loan with Patch.  She includes no facts suggesting

18   how FATIC's mere role as the escrow agent in that private transaction has an impact on the

19   public interest.

20

21   **4.    *Plaintiff's Allegations of Violating TILA Are Not Applicable and Are Time Barred in Any Event***

22   Plaintiff attempts to circumvent the statute of limitations on a TILA claim by

23   claiming it to be a violation of the ERA Act and thus, a violation of the CPA. Bk. Dkt. No.

24   4, ¶ 3.28. Specifically, Plaintiff claims in the Sixth Cause of Action that FATIC violated

25

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -9

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1    TILA, 15 U.S.C. § 1601 *et seq. Id.*  However, TILA only applies to "creditors" which it

2    defines as "a person who both (1) regularly extends ... consumer credit ... and (2) is the

3    person to whom the debt arising from the consumer credit transaction is initially

4    payable...." As  one court has explained:

5

6              TILA applies to an individual or business that offers or
               extends credit when four conditions are met: (i) the credit is
7              offered or extended to consumers; (ii) the offering or
               extension of credit is done regularly; (iii) the credit is subject
8              to a finance charge or is payable by a written agreement in
               more than four installments; and (iv) the credit is primarily
9              for personal, family, or household purposes.

10   *In re Bryce*, 491 B.R. 157, 171 (Bankr. W.D. Wash. 2013)

11

12         At no point in the SAC is it alleged that FATIC is a business that extends credit or

13   that FATIC extended credit to Plaintiff.  To the contrary, Plaintiff admits FATIC merely

14   acted as the escrow agent.  All allegations of extending credit are solely directed toward

15   Patch. Plaintiff does not and cannot reference any provision of TILA binding or applicable

16   to an escrow agent.  Accordingly, application of TILA towards FATIC's alleged acts or

17   omissions is improper.

18         Moreover, even if Plaintiff could state a TILA claim against FATIC, it would be

19   time barred.  TILA limits actions for violations such as those alleged here to one year.  15

20   U.S.C. § 1640(e).

21         Plaintiff pleads that she signed Patch's documents on or about July 3, 2019. Bk.

22   Dkt. No. 4, ¶ 2.20. Clearly, the statute of limitations on Plaintiff's TILA claim has expired

23   and she is time barred from bringing a claim against FATIC under that statute.

24         Plaintiff may not merely circumvent the statute of limitations on TILA by forming

25   a CPA claim based on violations of TILA. Time barred claims under TILA cannot support

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE                    LAGERLOF LLP
INSURANCE COMPANY'S MOTION TO                    701 PIKE STREET, SUITE 1560
DISMISS -10                                          SEATTLE, WA 98101
                                                   PHONE: 206-492-2300

Case No. 2:22-CV-00538-LK

1 a CPA claim. *Lyons v. Homecomings Financial LLC*, 770 F. Supp. 2d 1163, 1167 (W.D.

2 Wash. 2011). Based on the ruling in *Lyons,* the Court should find that any alleged violation

3 of TILA cannot support Plaintiff's CPA claim.

4     **5.**  *The Sixth Cause of Action is Vague and Ambiguous*

5    The Sixth Cause of Action is vague and ambiguous as to what acts or omission on

6 part of FATIC constitute a violation of the CPA, the ERA Act, and/or TILA. A formulaic

7 recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S.

8 544, 555. The Sixth Cause of Action fails to even set forth a formulaic recitation of the

9 elements of a CPA claim. If Plaintiff is making a claim for violations under the ERA Act,

10 Plaintiff does not have standing. If Plaintiff is making a CPA claim by virtue of FATIC's

11 alleged violations of the ERA Act, the ERA Act does establish a per se violation of the

12 CPA. Furthermore, Plaintiff fails to state that FATIC's acts or omissions occurred in trade

13 or commerce or that they caused injury to any person's business or property.

14 **C.**  **Plaintiff's CPA Claim (Ninth Cause of Action)**

15    Plaintiff's Ninth Cause of Action explicitly assert a CPA claim, this time based on

16 a purported violation of a particular provision of TILA.  Specifically, Plaintiff claims that

17 FATIC violated 15 U.S.C. § 1639c(e) by including "an arbitration clause in the escrow

18 documents which is designed to bind Plaintiff to mandatory arbitration in connection with

19 making the subject loan . . .". Bk. Dkt. No. 4, ¶ 3.41. This claim is fatally flawed for a

20 number of reasons.

21

22     **1.**  *The Loan Does Not Include an Arbitration Provision and TILA Does Not*
       *Bar Such a Provision in the Escrow Documents*

23    The cause of action accuses FATIC of including an arbitration clause "in the

24 escrow documents" in violation of 15 U.S.C. § 1639c(e).  Plaintiff wrongly claims that

25

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -11

Case No. 2:22-CV-00538-LK

**LAGERLOF LLP**
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

1   section "prohibits the use of a binding arbitration clause *in connection with the making of a*

2   *residential mortgage loan* . . ."  In reality, that section states: "No residential mortgage

3   loan and no extension of credit under an open-end consumer credit plan secured by the

4   principal dwelling of the consumer may include terms which require arbitration . . ."  15

5   U.S.C. § 1639c(e)(1).

6       By its plain terms, Section 1639c(e)(1) only prohibits a mortgage loan itself from

7   including a mandatory arbitration provision.  It does not say the escrow agreement, escrow

8   instructions, or any other "escrow documents" cannot include an arbitration provision.

9       The Loan Agreement itself was filed by Patch as an attachment to its Proof of

10  Claim.  See **Ex. 1** to Request for Judicial Notice[1].  That agreement does not contain an

11  arbitration provision.  Thus, there was no violation of the statute.  To the extent Plaintiff

12  is claiming some other document covered by Section 1639c(e) contains an arbitration

13  provision, she should be required to specifically identify it so Defendants can properly

14  respond to the claim.

15      Indeed, as discussed above, Plaintiff's allegation FATIC engaged in deceptive

16  actions as part of this claim render it subject to the heightened pleading requirements of

17  Rule 9.  See Dkt. 4, ¶¶ 3.40 (incorporating fraud allegations) and 3.45 (vaguely accusing

18  FATIC of "deceptive actions"). Plaintiff also is apparently trying to hold FATIC

19  vicariously liable for misrepresentations by Patch.  See Dkt. 4 ¶3.44.  Yet, she has not

20  specified which of the two entities she identifies as the Patch Defendants made the

21  statements, what individual made the statements, what they specifically said, or when.

22

23

24  ---

[1] Request for Judicial Notice filed by FATIC herewith.

25  100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE          **LAGERLOF LLP**
INSURANCE COMPANY'S MOTION TO           701 PIKE STREET, SUITE 1560
DISMISS -12                             SEATTLE, WA 98101
                                        PHONE: 206-492-2300

Case No. 2:22-CV-00538-LK

1   Plaintiff is required to specifically state where this allegedly improper and deceptive

2   statement is found and who made it.

3       **2.      *TILA Does Not Apply to FATIC***

4       Plaintiff's use of TILA to support a CPA claim against FATIC is inappropriate. As

5   stated previously, TILA applies to individuals or businesses that extend credit.  Plaintiff

6   admits FATIC was merely the escrow agent.  It did not extend credit and is not responsible

7   for policing the contents of any of the loan documents.  TILA applies to lenders, not

8   escrow agents.  Accordingly, TILA does not apply to FATIC and Plaintiff cannot maintain

9   a CPA claim against FATIC based on an alleged violation of TILA.

10      **3.      *Plaintiff Has Not Alleged Injury to Business or Property for Any
11              Violation of TILA***

12      To sustain a CPA claim, Plaintiff must prove injury to a person's business or

13  property caused by FATIC. *Panag*, 166 Wash. 2d 27, 37.   The alleged improper inclusion

14  of an arbitration clause in some unknown document did not cause Plaintiff any injury

15  because there is no allegation that anyone ever tried to enforce the arbitration clause.  It

16  does not matter if it was improperly included if no one ever tried to invoke it.

17      Plaintiff claims that she suffered injury by having to consult with attorneys "to

18  make certain that she did not become required to participate in this unlawful arbitration

19  agreement." Bk. Dkt. No. 4, ¶ 3.46.  But there is no allegation that anyone was trying to

20  require her to participate in arbitration.  In short, she was consulting an attorney merely for

21  the purpose of determining how to bring her claims.  A claim that Plaintiff was forced to

22  consult with attorneys to evaluate the arbitration clause is not enough. See *Sign-O-Lite*

23  *Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wash. App. 553, 564, 825 P.2d 714

24  (1992)(mere defense against a collection action and having to prosecute a CPA

25

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -13

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

counterclaim is insufficient to show injury to business or property in a CPA claim); see also *Williams v. Columbia Debt Recovery, LLC*, No. C20-1718-MAT, 2021 WL 1063330, at *6 (W.D. Wash. Mar. 19, 2021) ("attorneys' fees are not a form of actual damages contemplated by the CPA").   As the Washington Supreme Court explained: incurring attorney's fees in order to institute a CPA claim are insufficient to show injury.  *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 62, 204 P.3d 885, 902 (2009). Attorney's fees can only constitute injury if the fees were incurred independent of pursuing a claim.  No such facts are alleged here.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff's claims against FATIC in her Second Amended should be dismissed with prejudice.

DATED this 23rd day of May 2022.

**LAGERLOF LLP**

*s/ Robert A. Bailey*
Robert A. Bailey, WSBA No. 28472
701 Pike Street, Ste 1560
Seattle, WA 98101
Phone: 206-492-2300
Email: rbailey@lagerlof.com
*Attorneys for First American Title Insurance Company*

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -14

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Western District of Washington using the CM/ECF system, which will provide notice to the following parties as indicated below:

| | |
|---|---|
| Melissa A. Huelsman, WSBA No. 30935<br>Law Offices of Melissa A. Huelsman, P.S.<br>705 2nd Ave, Suite 606<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mhuelsman@predatorylendinglaw.com<br>[X] By CM/ECF E-Service |
| Mark McClure, WSBA No. 24393<br>Law Offices of Mark McClure, PS<br>1103 W. Meeker St., Suite 101<br>Kent, WA 98032<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email:<br>mark@mcclurelawgroup.com<br>[X] By CM/ECF E-Service |
| Christina L. Henry, WSBA No. 31273<br>Henry & Degraaff, PS<br>113 Chery Street, PMB 58364<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email: chenry@hdm-legal.com<br>[X] By CM/ECF E-Service |
| Faye C. Rasch, WSBA No. 50491<br>Law Office of Faye C. Rasch<br>600 Stewart Street, Suite 1300<br>Seattle, WA 98101<br>*Attorneys for Patch Services, LLC* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Email: fraschlaw@gmail.com<br>[X] By CM/ECF E-Service |

Signed this 23rd day of May 2022 at Seattle, Washington.


*s/ Karrie Blevins*
Karrie Blevins, Paralegal
Lagerlof LLP

100047/002553/02637861-1

DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO
DISMISS -15

Case No. 2:22-CV-00538-LK

LAGERLOF LLP
701 PIKE STREET, SUITE 1560
SEATTLE, WA 98101
PHONE: 206-492-2300